UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL E.[1],

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

Case No. 22-cv-11370

HON. MARK A. GOLDSMITH

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED JULY 25, 2023 (Dkt. 19), (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 14), (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17), AND (4) REMANDING THE PROCEEDINGS TO THE COMMISSIONER**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Kimberly G. Altman, issued on July 25, 2023 (Dkt. 15). In the R&R, the magistrate judge recommends that the Court grant in part Plaintiff Michael E.'s motion for summary judgment (Dkt. 14), deny Defendant the Commissioner of Social Security Administration's motion for summary judgment (Dkt. 17), and—consistent with the magistrate judge's recommendation in the R&R—remand the proceedings to the Commissioner for further proceedings regarding the issue of Michael E.'s alleged disability.

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of

---

[1] Consistent with guidance regarding privacy concerns in Social Security cases by the Judicial Conference Committee on Court Administration and Case Management, this district has adopted a policy to identify plaintiffs by only their first names and last initials. See also Fed. R. Civ. P. 5.2(c)(2)(B).

the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, Michael E.'s motion for summary judgment (Dkt. 14) is granted to the extent he seeks remand for consideration of whether he qualified for a closed period of disability as a remedy, and the Defendant's motion for summary judgment (Dkt. 17) is denied.

SO ORDERED.

Dated: September 11, 2023             s/Mark A. Goldsmith
    Detroit, Michigan                  MARK A. GOLDSMITH
                                           United States District Judge